UNITED STATES v. ST. PAUL & S. C. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

No. 565.

PUBLIC LANDS—RAILWAY GRANTS — ERRONEOUS CERTIFICATION — BONA FIDE PURCHASERS.

A bona fide purchaser of lands erroneously certified to a state under a railroad grant has a good defense against a suit brought by the United States under the act of March 3, 1887 (24 Stat. 556), to cancel the certification and restore the title to the government. U. S. v. Winona & St. P. R. Co. (No. 564) 67 Fed. 948, followed.

Appeal from the Circuit Court of the United States for the District of Minnesota.

Robert G. Evans, for the United States.

Thomas Wilson (Lloyd W. Bowers, on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree dismissing a bill brought by the appellant, the United States, under the act of March 3, 1887 (24 Stat. 556), to restore to the United States the title to 80 acres of land which at the commencement of the suit was held by the appellee Alfred J. Mohler. The land in controversy is within the place limits of the grant by the act of March 3, 1857 (11 Stat. 195), to the territory and state of Minnesota to aid in the construction of the railroad of the appellee the St. Paul & Sioux City Railroad Company. At the time of the definite location of the line of the railroad opposite this land, in 1858, pre-emption rights had attached to it. Notwithstanding that fact, the secretary of the interior, on August 26, 1864, certified it to the state of Minnesota as a part of the lands granted by the act of March 3, 1857, to aid in the construction of the railroad of the St. Paul & Sioux City Railroad Company. On January 4, 1868, the state conveyed it to the railroad company. By five mesne conveyances the title of the railroad company to this land was transmitted to the appellee Mohler. His immediate grantor conveyed it to him on May 19, 1891, by a warranty deed with full covenants. He then paid $2,900 for it in money and property, and had no notice of any defects in his title until the subpoena was served upon him in this suit, long after he had purchased and completed his payment for the land.

The decree below must be affirmed, with costs, because the appellee Mohler was at the time of the commencement of this action the holder of the legal title to this land, and he was a bona fide purchaser of it for value, without notice of any defects in his title. The reasons for this conclusion are stated at length in U. S. v. Winona & St. P. R. Co. (No. 564) 67 Fed. 948.